**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

MARCELLA J. WARD

                    *Plaintiff,*      )

v.                              )

                              )

HOMEOWNER SOLUTIONS PROS, INC    )

                              )

                  *Defendant.*     )

CASE NO. 2:25-CV-12463-JJCG

Hon.  Jonathan J.C. Grey

## DEFENDANT'S HOMEOWNER SOLUTION PROS., INC. ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES, Homeowner Solutions Pros, Inc. ("HSP") for its Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint"), dated 08/08/2025.  All responses are based solely on the knowledge and information of HSP.  To the extent the heading in the Complaint contains factual allegations to which a response is required, they are denied.  HSP does not, by noting or admitting the Complaint purports to quote or characterize particular documents, admit the truth of any assertions in the referenced document.  HSP denies each and every allegation in the Complaint not expressly and specifically admitted herein.  HSP further reserves all rights to amend and supplement its Answers as information becomes available, as may be necessary, or a permitted under the Federal and local rules. as follows:

## INTRODUCTION

1.      Plaintiff individually and as class representative for all others similarly situated, bring this action against Defendant Homeowner Solution Pros Inc. ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and its enabling statutes, 47 C.F.R. §§ 64.1200(c) and (d).

**ANSWER:      HSP admits that Plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), but denies that it violated the TCPA and denies that it is liable to Plaintiff or the putative class members, HSP denies any remaining allegations in Paragraph 1 of the Complaint.**

2.      To promote its goods and services, Defendant routinely engages in text messaging campaigns and continues to text message consumers even after they have opted out of Defendant's solicitations. Defendant also engages in telemarketing without the required policies and procedures, and training of its personnel engaged in telemarketing.

**ANSWER:      HSP denies the allegations in Paragraph 2 of the Complaint.**

3.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6) and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

**ANSWER:**   The allegations in paragraph 3 do not contain factual assertions but rather set forth one or more legal conclusions to which no response is required. To the extent that a further response is required, HSP denies that it violated the TCPA, denies that it is liable to Plaintiff or the putative class members, and further denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23.

4.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

**ANSWER:**   The allegations in paragraph 4 do not contain factual assertions but rather set forth one or more legal conclusions to which no response is required.  To the extent that

**a further response is required, HSP denies that it violated the TCPA, denies that it is liable to Plaintiff or the putative class members, and further denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23.**

5.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of herself and members of the Classes, as well as any other available legal or equitable remedies

**ANSWER:      HSP admits that Plaintiff purports to bring this action to seek injunctive relief but denies that HSP has engaged in illegal conduct or that Plaintiff or the putative class is entitled to relief sought.  HSP further denies that it is liable to Plaintiff or the putative class.**

**PARTIES**

6.      Plaintiff is an individual.

**ANSWER:      HSP admits the allegations of paragraph 6 of the Complaint.**

7.      Defendant is a Michigan corporation headquartered in Grand Rapids, Kent County, Michigan which is located within this District.

**ANSWER:      HSP admits they are a Michigan corporation with a principal office in Grand Rapids, Michigan, but denies that it is within this District.**

**JURISDICTION AND VENUE**

8.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

**ANSWER:      HSP denies that subject matter jurisdiction exists and denies any remaining allegations of Paragraph 8 of the Complaint.**

9. The Court has general personal jurisdiction, and venue is proper over the Defendant because it is headquartered and has its principal place of business in Michigan.

**ANSWER:** **HSP denies that venue in this District is proper and denies any remaining allegations in Paragraph 9 of the Complaint.**

## FACTUAL ALLEGATIONS

10. Defendant is a home improvement contracting business.

**ANSWER:** **HSP denies the allegations contained in Paragraph 10 of the Complaint. Defendant is not a home improvement company, but a home services company based in Western District, Michigan.**

11. In order to generate clients for its business, Defendant relies on illegal telemarketing calls and text messages, such as the ones placed to Plaintiff.

**ANSWER:** **HSP denies the allegations in Paragraph 11 of the Complaint.**

12. Plaintiff's cellular telephone number, (725) XXX-XXXX, is a residential number.

**ANSWER:** **HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint.**

13. Plaintiff is the regular and sole user of this number and has been for at least six years.

**ANSWER:** **HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint.**

14. Plaintiff uses her cellular telephone number for personal use only as one would use a landline number in a home.

**ANSWER:**    **HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint.**

15.    Plaintiff uses her cellular telephone number primarily to communicate with friends

**ANSWER:**    **HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint.**

16.    Plaintiff does not have any other telephone number.

**ANSWER:**    **HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint.**

**HSP is without knowledge and information sufficient to form a belief about the truth that Plaintiff received the purported subject text messages and therefore denies Paragraph 16 of the Complaint.  HSP believes that if Plaintiff received any text messages from HSP that Plaintiff consented by filling out a webform on its website.**

17.    Plaintiff pays for her cellular phone plan and is not reimbursed by a business.

 **ANSWER:**    **HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint.**

18.    Plaintiff has never had her cellular phone associated with any business.

**ANSWER:**    **HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint.**

**HSP is without knowledge and information sufficient to form a belief about the truth of where Plaintiff received the purported subject text messages and therefore denies it.  HSP further denies the remaining allegations contained in Paragraph 18 of the Complaint.**

19.     Plaintiff has never used her cellular telephone in any business or marketing materials.

**ANSWER:     HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Complaint.**

20.     Plaintiff's cellular telephone number has been registered with the National Do Not Call Registry since November 7, 2023.

**ANSWER:     HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint.**

21.     Despite this, Defendant sent, or caused to be sent, at least seven text messages to Plaintiff's cellular telephone number from October 1, 2024 to December 13, 2024.

**ANSWER:     HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained Paragraph 21 of the Complaint.**

22.     After the first three text messages were sent to Plaintiff, Plaintiff requested that Defendant stop text messaging her on October 7, 2024 by stating "STOP."

**ANSWER:     HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint, therefore denies the same**.

23.     Defendant replied to her "STOP" message indicating she would not be contacted again, however, her request was ignored, and Defendant texted her again on October 10, 2024.

**ANSWER:     HSP is without knowledge and information sufficient to form a belief about the truth of the allegation contained in Paragraph 23 of the Complaint and therefore denies it.**

24.     This pattern continued three more times, until Defendant finally honored Plaintiff's final STOP request.

**ANSWER:     HSP is without knowledge and information sufficient to form a belief about the truth of the allegation contained in Paragraph 24 of the Complaint and therefore denies it**.

25.     Below are screenshots of the messages:

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/









**ANSWER:**    **HSP is without knowledge and information sufficient to form a belief about the truth that Plaintiff received the purported subject text messages and therefore denies the allegation contained in Paragraph 25 of the Complaint.  HSP believes that if Plaintiff received any text messages from HSP that Plaintiff consented by filling out a webform on its website.**

26.    As demonstrated by the above screenshots, the purpose of Defendant's text messages was to solicit the sale of consumer goods and/or services.

**ANSWER:    HSP is without knowledge and information sufficient to form a belief about the truth that Plaintiff received the purported subject text messages and therefore denies the allegation contained in Paragraph 26 of the Complaint. HSP believes that if Plaintiff received any text messages from HSP that Plaintiff consented by filling out a webform on its website.**

27.    As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's goods, and/or services.

**ANSWER:    HSP is without knowledge and information sufficient to form a belief about the truth that Plaintiff received the purported subject text messages and therefore denies the allegation contained in Paragraph 27 of the Complaint. HSP believes that if Plaintiff received any text messages from HSP that Plaintiff consented by filling out a webform on its website.**

28.    As demonstrated by the above screenshots, Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by responding, but Defendant continued to text message Plaintiff. Notably, many of the text messages sent by Defendant contained no instructions on how to opt-out, and Plaintiff was left helpless in attempting to stop the solicitations.

**ANSWER:    HSP denies the allegations in Paragraph 28 of the Complaint.**

29.    Defendant sent at least four solicitations after Plaintiff's initial opt-out request.

**ANSWER:    HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Complaint and therefore denies the same.**

30.     Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made opt-out requests and that those requests were never processed; they were ignored by Defendant and its employees and Defendant continued to send text messages.

**ANSWER:     HSP denies the allegations in Paragraph 30 of the Complaint.**

31.     Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and Class members. Defendant also has access to text message logs showing Plaintiff's and Class members' inbound opt-out requests.

**ANSWER:     HSP denies the allegations in Paragraph 31 of the Complaint.**

32.     Plaintiff and Class Members revoked any consent they may have previously provided to Defendant by replying with a "STOP" or similar opt-out instruction in response to Defendant's text messages.

**ANSWER:     HSP is without knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Complaint.**

33.     Defendant's text messages caused Plaintiff and Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

**ANSWER:     HSP denies the allegations in Paragraph 33 of the Complaint.**

34.     Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods.

These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

**ANSWER:**   **HSP admits they maintain reports, but is without knowledge and information sufficient to form a belief of the remaining allegations contained in Paragraph 34 of the Complaint.**

35.   Defendant's failure to honor opt-out requests demonstrates that Defendant does not 1) maintain written policies and procedures regarding its text messaging marketing; (2) provide training to its personnel engaged in telemarketing; and/or (3) maintain a standalone do-not-call list.

**ANSWER:**   **HSP denies the allegations in Paragraph 35 of the Complaint.**

36.   These failures caused Plaintiff and the Class members harm as they continued to receive text message solicitations after asking for those messages to stop.

**ANSWER:**   **HSP denies the allegations in Paragraph 36 of the Complaint.**

37.   Defendant's text messages caused Plaintiff and the Class members cognizable harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones. Defendant's text messages also inconvenienced Plaintiff and the Class members and caused disruption to their daily lives.

**ANSWER:**   **HSP denies the allegations in Paragraph 37 of the Complaint.**

## CLASS ACTION ALLEGATIONS

38.   Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER:**   **HSP repeats its answers to Paragraph 1-37 as through fully herein.**

39.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**<u>ANSWER:</u>    HSP admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claim or relief sought in the Complaint.   HSP denies any remaining allegations in Paragraph 39 of the Complaint.**

40.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**<u>ANSWER:</u>    The allegations in paragraph 40 do not contain factual assertions to which a response is required. To the extent that a further response is required, HSP denies the remaining allegations.**

41. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

**<u>National Do Not Call Registry Class:</u>** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

**<u>Internal Do Not Call Class:</u>** All persons within the United States who, from June 1, 2023 forward who (1) received two or more unsolicited text messages and/or telemarketing call from Defendant and anyone acting on Defendant's behalf, (2) other than a message confirming an opt-out request, (3) within any 12-month period, (3) for the purpose of selling Defendant's products or services, (4) after making a request to Defendant not to receive further text messages,

including by texting the word "Stop" or similar opt-out instructions in response to Defendant's text messages.

**ANSWER:   HSP admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claim or relief sought in the Complaint.   HSP denies any remaining allegations in Paragraph 41 of the Complaint.**

42.    Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:   HSP admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claim or relief sought in the Complaint.   HSP denies any remaining allegations in Paragraph 42 of the Complaint.**

43.    Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER:   HSP admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the**

**putative class is entitled to the damages claim or relief sought in the Complaint.   HSP**

**denies any remaining allegations in Paragraph 43 of the Complaint.**

44.     This Class Action Complaint seeks injunctive relief and money damages.

**ANSWER:     HSP admits that Plaintiff purports to bring an action individually and as a**

**class action on behalf of consumers similarly situated but denies that the proposed class is**

**suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the**

**putative class is entitled to the damages claim or relief sought in the Complaint.   HSP**

**denies any remaining allegations in Paragraph 44 of the Complaint.**

45.     The Classes as defined above, are identifiable through Defendant's dialer records,

other phone records, and phone number databases.

**ANSWER:     HSP denies any remaining allegations in Paragraph 45 of the Complaint.**

46.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff

reasonably believes Class members number, at minimum, in the hundreds.

**ANSWER:     HSP admits that Plaintiff purports to bring an action individually and as a**

**class action on behalf of consumers similarly situated but denies that the proposed class is**

**suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the**

**putative class is entitled to the damages claim or relief sought in the Complaint.   HSP**

**denies any remaining allegations in Paragraph 46 of the Complaint.**

47.     The joinder of all Class members is impracticable due to the size and relatively

modest value of each individual claim.

**ANSWER:     HSP admits that Plaintiff purports to bring an action individually and as a**

**class action on behalf of consumers similarly situated but denies that the proposed class is**

**suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the**

**putative class is entitled to the damages claim or relief sought in the Complaint.   HSP**

**denies any remaining allegations in Paragraph 47 of the Complaint**

48.     Additionally, the disposition of the claims in a class action will provide

substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER:**     H**SP admits that Plaintiff purports to bring an action individually and as a**

**class action on behalf of consumers similarly situated but denies that the proposed class is**

**suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the**

**putative class is entitled to the damages claim or relief sought in the Complaint.   HSP**

**denies any remaining allegations in Paragraph 48 of the Complaint.**

49.     There are well defined, nearly identical, questions of law and fact affecting all

parties. The questions of law and fact, referred to above, involving the class claims predominate

over questions that may affect individual Class members.

**ANSWER:**     **HSP admits that Plaintiff purports to bring an action individually and as a**

**class action on behalf of consumers similarly situated but denies that the proposed class is**

**suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the**

**putative class is entitled to the damages claim or relief sought in the Complaint.   HSP**

**denies any remaining allegations in Paragraph 49 of the Complaint**

50.     There are numerous questions of law and fact common to Plaintiff and to the

proposed Classes, including, but not limited to, the following:

a.  Whether Defendant sent text messages to Plaintiff and Class members;

b.  Whether Defendant continued to send text messages solicitations after opt-out requests;

c.  Whether Defendant failed to honor Plaintiff's and Class members' opt-out requests;

d.   Whether Defendant maintains an internal do-not-call list and instructs its employees how to use the list;

e.   Whether Defendant maintains the required policies and procedures under section 64.1200;

f.   Whether Defendant implemented the requisite training of personnel under section 64.1200;

g.   Whether Defendant text messages individuals who had registered their telephone numbers on the National Do Not Call Registry;

h.   Whether Defendant's conduct constitutes a violation of the TCPA; and

i.   Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:** **HSP admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claim or relief sought in the Complaint.   HSP denies any remaining allegations in Paragraph 50-50(a)-(i) of the Complaint.**

51.   Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

**ANSWER:** **HSP admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claim or relief sought in the Complaint.   HSP denies any remaining allegations in Paragraph 51 of the Complaint**

52.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

**ANSWER:     HSP admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claim or relief sought in the Complaint.   HSP denies any remaining allegations in Paragraph 52 of the Complaint**.

53.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER:     HSP admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the putative class is entitled to the damages claim or relief sought in the Complaint.   HSP denies any remaining allegations in Paragraph 53 of the Complaint**.

54.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER:     HSP admits that Plaintiff purports to bring an action individually and as a class action on behalf of consumers similarly situated but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23 and denies that Plaintiff or the**

**putative class is entitled to the damages claim or relief sought in the Complaint.   HSP**

**denies any remaining allegations in Paragraph 54 of the Complaint.**

55.     Plaintiff is not aware of any litigation concerning this controversy already

commenced by others who meet the criteria for class membership described above.

**ANSWER:     HSP admits that Plaintiff purports to bring an action individually and as a**

**class action on behalf of consumers similarly situated but denies that the proposed class is**

**suitable for certification pursuant to Fed. R. Civ. P. 23, and denies that Plaintiff or the**

**putative class is entitled to the damages claim or relief sought in the Complaint.   HSP**

**denies any remaining allegations in Paragraph 55 of the Complaint.**

## COUNT I

## Violation of 47 U.S.C. § 227(c) and 64.1200(c)

## (Plaintiff and the DNC Class)

56.     Plaintiff re-alleges and incorporate the allegations set forth in paragraphs 1

through 55 as if fully set forth herein.

**ANSWER:     HSP repeats its answers to Paragraph 1-55 as through fully herein.**

57.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in

pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a]

residential telephone subscriber who has registered his or her telephone number on the national

do-not-call registry of persons who do not wish to receive telephone solicitations that is

maintained by the federal government."

**ANSWER:     HSP answers that 47 C.F.R. § 61.1200(c) of the TCPA speaks for itself and**

**denies any allegations contained in Paragraph 57 of the Complaint that are inconsistent**

**therewith.  HSP denies that it violated the TCPA.**

58.     Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

**ANSWER:**     **HSP answers that 47 C.F.R. § 61.1200(e), (c) and (d) of the TCPA speaks for itself and denies any allegation contained in Paragraph 58 of the Complaint that are inconsistent therewith.  HSP denies that it violated the TCPA.**

59.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

**ANSWER:**     **HSP answers that 47 C.F.R. § 61.1200(e), (c) and (d) of the TCPA speaks for itself and denies any allegation contained in Paragraph 59 of the Complaint that are inconsistent therewith.  HSP denies that it violated the TCPA.**

60.     Plaintiff and DNC Class Members terminated any business relationship they may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages. *See* 47 C.F.R. § 64.1200(f)(5)(i). (A consumer's "seller-specific do-not-call request * * * terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller.")

**ANSWER:**     **HSP answers that 47 C.F.R. § 61.1200(e), (c) and (d) of the TCPA speaks for itself and denies any allegation contained in Paragraph 60 of the Complaint that are inconsistent therewith.  HSP denies that it violated the TCPA.**

61.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**ANSWER:**   **HSP denies the allegation contained in Paragraph 61 of the Complaint that it violated the TCPA.**

62.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

**ANSWER:**   **HSP denies the allegation contained in Paragraph 62 of the Complaint that it violated the TCPA.**

63.     As a result of Defendant's conduct as alleged herein, Plaintiff and DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

**ANSWER:**   **HSP denies the allegation contained in Paragraph 63 of the Complaint that it violated the TCPA.**

## COUNT II

## VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)

## (Plaintiff and the Internal DNC Class)

64.     Plaintiff re-alleges and incorporate the allegations set forth in paragraphs 1 through 55 as if fully set forth herein.

**ANSWER:     HSP repeats its answers to Paragraph 1-63 as through fully herein.**

65.     Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

**ANSWER:     HSP answers that 47 C.F.R. § 61.1200(e) of the TCPA speaks for itself and denies any allegations contained in Paragraph 65 of the Complaint that are inconsistent therewith.  HSP denies that it violated the TCPA.**

66.     In pertinent part, 47 C.F.R. § 64.1200(d) provides:

*No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:*

*(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.*

*(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.*

*(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a*

*residential telephone subscriber not to receive calls from that person or entity, the person or*

*entity must record the request and place the subscriber's name, if provided, and telephone*

*number on the do-not-call list at the time the request is made. Persons or entities making calls*

*for telemarketing purposes (or on whose behalf such calls are made) must honor a residential*

*subscriber's do-not-call request within a reasonable time from the date such request is made.*

*This period may not exceed thirty days from the date of such request. If such requests are*

*recorded or maintained by a party other than the person or entity on whose behalf the*

*telemarketing call is made, the person or entity on whose behalf the telemarketing call is made*

*will be liable for any failures to honor the do-not-call request. A person or entity making a call*

*for telemarketing purposes must obtain a consumer's prior express permission to share or*

*forward the consumer's request not to be called to a party other than the person or entity on*

*whose behalf a telemarketing call is made or an affiliated entity.*

**ANSWER:     HSP answers that 47 C.F.R. § 61.1200(d) of the TCPA speaks for itself and**

**denies any allegations contained in Paragraph 66 of the Complaint that are inconsistent**

**therewith.  HSP denies that it violated the TCPA.**

67.     Plaintiff and Internal DNC Class Members are residential telephone subscribers

who received more than one text message made for purposes of telemarketing or solicitation

purposes from Defendant, who has failed to implement the requisite procedures and personnel

training as demonstrated by its repeated failure to honor opt-out requests.

**ANSWER:     HSP denies the allegations in Paragraph 67 of the Complaint, and that it**

**violated the TCPA.**

68.     Plaintiff and Internal DNC Class members made requests to Defendant not to

receive texts from Defendant.

**ANSWER:**    **HSP denies the allegations in Paragraph 68 of the Complaint, and that it violated the TCPA.**

69.    Plaintiff and Internal DNC Class Members revoked any consent they may have previously provided Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages.

**ANSWER:**    **HSP denies the allegations in Paragraph 69 of the Complaint, and that it violated the TCPA.**

70.    Plaintiff and Internal DNC Class Members terminated any business relationship they may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's text messages. See 47 C.F.R. § 64.1200(f)(5)(i). (A consumer's "seller-specific do-not-call request * * * terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller.")

**ANSWER:**    **HSP denies the allegations in Paragraph 70 of the Complaint, and that it violated the TCPA.**

71.    Plaintiff and Internal DNC Class Members revoked any consent they may have provided Defendant by responding with "stop" or similar opt-out instructions.

**ANSWER:**    **HSP denies the allegations in Paragraph 71 of the Complaint, and that it violated the TCPA.**

72.    Defendant continued to text message Plaintiff and Internal DNC Class Members to harass them by marketing their goods and services.

**ANSWER:**    **HSP denies the allegations in Paragraph 72 of the Complaint, and that it violated the TCPA.**

73.     Defendant failed to honor Plaintiff and Internal DNC Class members' opt-out requests.

**ANSWER:     HSP denies the allegations in Paragraph 73 of the Complaint, and that it violated the TCPA.**

74.     Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

**ANSWER:     HSP denies the allegations in Paragraph 74 of the Complaint, and that it violated the TCPA.**

75.     Plaintiff's and Internal DNC Class members are informed and believe that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls or text messages.

**ANSWER:     HSP denies the allegations in Paragraph 75 of the Complaint, and that it violated the TCPA.**

76.     Plaintiff and Internal DNC Class members are informed and believe that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

**ANSWER:     HSP denies the allegations in Paragraph 76 of the Complaint, and that it violated the TCPA.**

77.     Plaintiff and Internal DNC Class members are informed and believe that Defendant does not train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

**ANSWER:**   **HSP denies the allegations in Paragraph 77 of the Complaint, and that it violated the TCPA.**

78.   The details and specific facts regarding Defendant's failure to maintain the required policies and procedures, as well as personnel training, are solely within Defendant's knowledge and possession.

**ANSWER:**   **HSP denies the allegations in Paragraph 78 of the Complaint, and that it violated the TCPA.**

79.   Defendant has violated 47 C.F.R. § 64.1200(d) by failing to honor opt-out requests, failing to maintain the required policies and procedures, and failing to train its personnel engaged in telemarketing.

**ANSWER:**   **HSP denies the allegations in Paragraph 79 of the Complaint, and that it violated the TCPA.**

80.   Pursuant to section 227(c)(5) of the TCPA, Plaintiff and Internal DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

**ANSWER:**   **HSP denies the allegations in Paragraph 80 of the Complaint, and that it violated the TCPA.**

81.   As a result of Defendant's knowing or willful conduct, Plaintiff and Internal DNC Class members are entitled to an award of $1,500.00 in statutory damages per violation.

**ANSWER:**   **HSP denies the allegations in Paragraph 81 of the Complaint, and that it violated the TCPA.**

## PRAYER FOR RELIEF

`        WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the

following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above,

and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class

Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class

as applicable under the TCPA:

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1)

maintaining the required written policies; (2) providing training to their personnel engaged in

telemarketing; and (3) maintaining a do-not-call list

e) Such further and other relief as the Court deems necessary.

**ANSWER:      The "Wherefore" clause and other clauses or sentences in subparagraphs A
through E of the Prayer of Relief set forth legal contentions and conclusions and Plaintiff's
characterization of the relief sought in this action, to which no response is required.  To the
extent a response is deemed required HSP denies any liability, in totality or for any amount,
to Plaintiff.  HSP further denies that Plaintiff is entitled to any relief in this action.  All
remaining allegations are denied.  Defendant prays that this Court enter judgement in
Defendant's favor, dismiss Plaintiff's Complaint with prejudice, award HSP all costs and
fees incurred herein, and order such further relief this Court deems just, necessary and
appropriate.**

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

**ANSWER:**   **HSP** admits that Plaintiff and Class Members purports to demand a jury trial.

## AFFIRMATIVE DEFENSE

In further response to Plaintiff's Complaint, subject to discovery, based on information and belief and without conceding any applicable burden of proof, HSP alleges the following affirmative defenses to the claims set forth in the Complaint:

1.  Plaintiff fails to state a claim upon which relief can be granted.

2.  Plaintiff fails to plead in the proper venue and jurisdiction.

3. Plaintiff and the putative class members have not alleged or suffered a concrete and particularized harm or injury and, therefore, lacks standing under Article III to pursue a claim.

4. Plaintiff lacks statutory standing under Section 227 of the TCPA to bring this action and to represent any purported class because she is not within the TCPA's protected zone of interest.

5.  Plaintiff's and the putative class members' claims fail or otherwise are barred, in whole or in part, because any alleged injuries were not caused by HSP, but were caused by negligent or intentional acts or omissions of Plaintiff, the putative class members, or third parties, or were caused by superseding or intervening events outs HSP control.

6.  Plaintiff's and the putative class members' claims are barred, in whole or in part, because an established business relationship exists between the Plaintiff and the putative class members and HSP.

7.  Plaintiff's and the putative class members' claims are barred, in whole or in part, because they provided prior express invitation or permission to receive the alleged phone calls and text messages at issue in the Complaint.

8.  Plaintiff' and the putative class members' are barred, in whole or in part, as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their future to mitigate such damages.

9. Plaintiff's and the putative class members' claims are barred, in whole or in part, because HSP established and implemented reasonable practices, and procedures to effectively prevent violations of the TCPA.

10. To the extent there was any violation of the TCPA, which HSP denies, such violation(s) were not knowing and willful because HSP did not willfully or knowingly contact Plaintiff or putative class members that were registered on the DNC because HSP acted in good faith and without malice, or because HSP established and implemented reasonable practices, and procedures to effectively prevent violation of the TCPA.

11. Plaintiff's damages, if any, and none being admitted, were not caused by HSP, but by another person(s) or entity, including Plaintiff, for whom HSP is not responsible and over whom HSP exercise no control.

12. Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content-based restrictions of protected speech.

13.  The TCPA is unconstitutionally vague as applied in this case because restrictions imposed by the TCPA do not give adequate notice of the conduct that is prohibited.

14. The amount of damages prescribed by the TCPA statute are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable allowing for the Court to reduce the damage award, if any.  Thus, as applied in this case any award of damages should be reduced to comport with due process.

15.  HSP is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, HSP reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

**WHEREFORE,** HSP prays that this Court enter judgement in HSP's favor, dismiss Plaintiff's Complaint with prejudice, award HSP all costs and fees incurred herein, and order such further relief this Court deems just, necessary and appropriate.

Respectfully submitted,

DATED:  September 16 2025                    By:      /s/ Dawn R. Van Dusen
                                                              Dawn R. Van Dusen (P69647)
                                                              Attorney for Defendant
                                                              2715 Airport Road
                                                              Adrian, MI  49221
                                                              (517) 270-2193
                                                              dawnvandusen@gmail.com

## CERTIFICATE OF SERVICE

I certify that, on September 16, 2025, I electronically filed the foregoing Defendant Homeowner Solution Pro, Inc.  Answer to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record at their respective addresses as disclosed on the pleadings.

By:    /s/ Dawn R. Van Dusen