IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARCELLA J. WARD<br><br>      Plaintiff,<br><br>v.<br><br>HOMEOWNER SOLUTION PROS INC<br><br>      Defendant. | Case No. 2:25-cv-12463-JJCG-APP |

**PLAINTIFF'S DISCOVERY PLAN/CASE MANAGEMENT ORDER**[1]

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's September 16, 2025 Order (ECF No. 6), counsel for the parties submit the following discovery plan.

1. **Statement of the Case**:

Plaintiff's Statement of the Case: Plaintiff Marcella J. Ward alleges that Defendant Homeowner Solution Pros Inc. engaged in a pattern of unlawful telemarketing practices in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Specifically, Defendant sent multiple unsolicited text messages to Plaintiff's residential cellular phone number, even after Plaintiff registered her number on the National Do Not Call Registry and after she explicitly opted out by replying "STOP." Despite acknowledging her opt-out, Defendant continued to send solicitations, demonstrating that Defendant failed to implement the required written policies, procedures, and training to honor consumer do-not-call requests. Plaintiff seeks to represent classes of consumers who either (1) received multiple solicitations despite being listed

---

[1] After receipt of this Court's September 16, 2025 Order, counsel for the Plaintiff made repeated attempts via telephone and e-mail to contact counsel for the Defendant. However, the Plaintiff's counsel was unable to reach Defendant's counsel. *See* Exhibit 1. However, if Defendant's counsel does contact Plaintiff's counsel, the Plaintiff is willing to file an Amended Report.

1

on the National Do Not Call Registry, or (2) received solicitations after opting out of communications.

2. **Principal Factual and Legal Issues**

- Whether the calls constitute telemarketing;
- Whether the Defendant had prior express written consent under the TCPA;
- Whether the Plaintiff can satisfy Fed. R. Civ. P. 23;
- Whether Defendant failed to honor opt-out requests and maintain an internal do-not-call policy.
- Whether Defendant maintained required training and procedures under 47 C.F.R. § 64.1200(d).
- Whether Plaintiff can satisfy the prerequisites for class certification.
- Whether Defendant's conduct was willful and knowing, entitling the class to treble damages.

3. **Case Schedule**

The Plaintiff proposes the following case schedule:

| EVENT | DEADLINE |
| --- | --- |
| Exchange of Initial Disclosures under Fed. R. Civ. P 26(a)(1) | October 3, 2025 |
| Deadline for Amendments to Pleadings and Joinder of Parties | February 1, 2026 |
| Parties' Expert Disclosure | June 3, 2026 |
| Deadline for Expert Depositions | July 1, 2026 |
| Rebuttal Expert Reports | July 22, 2026 |
| All Discovery Ends | August 23, 2026 |

| Deadline for facilitation notification | August 23, 2026 |
|---|---|
| Deadline for submission of Plaintiff's motion for class certification | September 16, 2026 |
| Deadline for submission of Defendant's motion for summary judgment | September 23, 2026 |
| Rule 16 Conference to Discuss Remaining Case Schedule and Set a Trial Date | Set at the Court's Discretion Following a Decision on Class Certification and/or Summary Judgment |

4. **Discovery**:

Pursuant to Federal Rule of Civil Procedure 26(f)(3)(B), the parties have commenced discovery on the claims and defenses at issue.

Plaintiff anticipates seeking from parties and non-parties written and oral discovery including but not limited to (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing; (3) ESI related to any purported consent to receive calls; (4) ESI regarding the dialing systems used to make the calls at issue; (5) contracts and other documents relating to the relationships among Defendant their third-party affiliates and/or other entities and individuals involved in generating purported leads to receive the telemarketing calls at issue; (6) Defendant's policies and procedures concerning TCPA compliance; and (7) telemarketing complaints received by Defendant and their responses thereto.

5. **Assertion of Claims of Privilege or Work-Product Immunity After Production**:

The parties do not anticipate any issues regarding claims of privilege or of work product protection. The Parties intend to submit a proposed protective order within 30 days that will address claw back of any privileged or trial preparation materials under FRE 502(d) and the labeling and handling of any confidential, proprietary and/or financial information.

3

6. **Alternative Dispute Resolution**:

The parties acknowledge that if they attend a private mediation, they will provide the Court with the mediator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution, and recommend that this case be submitted to the following method(s) of alternative dispute resolution:

The parties believe that private mediation may be appropriate as this case proceeds and do not seek a referral for a settlement conference.

7. **Jury or Non-Jury**:

This case is to be tried before a jury because Plaintiff timely demanded a jury trial. The parties will submit their proposed Jury Instructions 28 days before the final pretrial conference.

8. **Length of Trial**:

Counsel estimate the trial will last approximately 6 days total, lasting from 8:30 a.m. to 2:00 p.m. each day, allocated as follows:

- 3 days for Plaintiff's case

Dated: September 18, 2025   PLAINTIFF, on behalf of herself
                            and others similarly situated,

                            */s/ Anthony I. Paronich*
                            Anthony I. Paronich
                            Paronich Law, P.C.
                            350 Lincoln Street, Suite 2400

4

Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

5